UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVENO EVANS,

        Petitioner,

                                        CASE NO. 05-CV-72871-DT
v.                                      HONORABLE NANCY G. EDMUNDS

BLAINE LAFLER,

        Respondent.
                                /

## OPINION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

**I.    Introduction**

Alveno Evans ("Petitioner"), an inmate currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for first-degree felony murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony which were imposed following a jury trial in the Wayne County Circuit Court in 2002. Petitioner was sentenced to life imprisonment without the possibility of parole, three to five years imprisonment, and a consecutive term of two years imprisonment on those convictions.

In his pleadings, Petitioner raises claims concerning the legality of his arrest, the voluntariness of his police statements, the denial of a request for substitute counsel, the predicate offense for his felony murder conviction, and the effectiveness of trial counsel. For the reasons stated below, the Court denies the petition for writ of habeas corpus.

1

## II. Facts and Procedural History

Petitioner's convictions stem from the shooting death of Russell L. Floyd during an attempted robbery in Detroit, Michigan on July 9, 2002. The Michigan Court of Appeals set forth the basic facts, which are presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 Fed. Appx. 730 (6th Cir. 2002), as follows:

> Defendant's convictions arise from the shooting death of an eighty-three-year-old man shortly after he withdrew money from a bank. The prosecution's theory was that defendant intentionally struck the victim's vehicle with his own vehicle as part of a "bump and rob scheme" and then attempted to rob the victim when the victim got out to assess the damage. The victim was shot as he turned to run back to his vehicle, but was able to drive himself to a police station where he provided an account of the incident and a description of both the suspect and the suspect's car, a black sedan. The victim died three days later from a single gunshot wound to the abdomen.
>
> Shortly after the victim was shot, the police received a report of an individual abandoning a vehicle that matched the description of the suspect's vehicle in the vicinity of the shooting. A short time later, two women were observed going through the car, retrieving items from it, and closing the windows. The police arrested those women, one of whom was defendant's sister. Among the items found in the women's possession and taken from the abandoned vehicle was defendant's identification. Defendant was later arrested and gave a statement to the police in which he claimed that the victim struck his car first and that the victim was shot accidentally while the two men were fighting.

*People v. Evans*, No. 246944, 2004 WL 1486058, *1 (Mich. Ct. App. July 1, 2004).

At the close of trial, the jury found Petitioner guilty of first-degree felony murder, assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The trial court subsequently sentenced him to concurrent terms of life imprisonment without the possibility of parole on the murder conviction, 285 months to 50 years imprisonment on the assault conviction, three to five years imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felony firearm conviction.

Following sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals raising several claims of error, including the claims contained in his habeas petition. The court vacated his assault conviction on double jeopardy grounds, but affirmed his other convictions. *People v. Evans*, No. 246944, 2004 WL 1486058 (Mich. Ct. App. July 1, 2004) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Evans*, 472 Mich. 890, 695 N.W.2d 68 (2005).

Petitioner thereafter filed the present petition for writ of habeas corpus asserting the following claims:

- I. His convictions should be reversed because the trial court erred in finding there was sufficient probable cause for his arrest.

- II. His convictions should be reversed because the trial court erred in admitting his statement as being voluntary.

- III. He is entitled to a new trial where the trial court denied his request for new counsel.

- IV. His conviction for felony murder should be reversed because the underlying offense of assault with intent to rob while armed is not one of the enumerated felonies.

- V. His convictions should be reversed because trial counsel violated his state and federal constitutionals rights to effective assistance of counsel.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit. Petitioner has filed a reply to that answer.

**III.  Standard of Review**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., govern this case because Petitioner filed his habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336

(1997).  The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).  "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case."  *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  "In order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the Supreme Court's holdings, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

Lastly, this Court must presume that state court factual determinations are correct. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

**IV.   Analysis**

    A.   Illegal Arrest Claim

Petitioner first asserts that he is entitled to habeas relief because he was subject to an illegal arrest and his statements to police following his arrest were used against him at trial. Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Federal courts will also not re-examine a habeas petitioner's claim

5

that post-arrest statements or other evidence should have been suppressed as "poisonous fruit" of his illegal arrest where the state provided an opportunity for full and fair litigation of such claims prior to trial. *See Walendzinski v. Renico*, 354 F. Supp. 2d 752, 759 (E.D. Mich. 2005).

A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim. *See, e.g., People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357 (1965) (motion to suppress); *People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97 (1980). Petitioner has not shown that a failure of that procedural mechanism prevented him from litigating his claims. The record reveals that Petitioner challenged the legality of his arrest prior to trial, but his motion to suppress was denied. The Michigan Court of Appeals further addressed this issue on direct appeal and concluded that the police had probable cause for arrest. *See Evans*, 2004 WL 1486058 at *1-2. Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment claims and that he received all the process he was due. Accordingly, any claim concerning the validity of Petitioner's arrest is not cognizable on habeas review pursuant to *Stone v. Powell*. Petitioner is not entitled to relief on this claim.

  B. <u>Involuntary Statement Claim</u>

Petitioner next alleges that he is entitled to habeas relief because his police statement

6

was involuntary and the trial court erred in denying his motion to suppress it.  In his written and signed statement, Petitioner claimed that the victim backed into his car, that he never intended to rob the victim, that the victim panicked when he saw Petitioner's gun, which accidentally fell and discharged as Petitioner retrieved it.

The Fifth Amendment privilege against compulsory self-incrimination bars the admission of involuntary confessions.  *See Colorado v. Connelly*, 479 U.S. 157, 163-64 (1986). A confession is considered involuntary if:  (1) the police extorted the confession by means of coercive activity; (2) the coercive activity was sufficient to overbear the will of the accused; and (3) the will of the accused was in fact overborne "because of the coercive police activity in question."  *McCall v. Dutton*, 863 F.2d 454, 459 (6th Cir. 1988).

The voluntariness of a confession is a mixed question of law and fact.  *See Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995).  In determining whether a confession is voluntary, the ultimate question is "whether, under the totality of the circumstances, the challenged confession was obtained in a manner compatible with the requirements of the Constitution."  *Miller v. Fenton*, 474 U.S. 104, 112 (1985).  Those circumstances include:

1. Police Coercion (a "crucial element")
2. Length of Interrogation
3. Location of Interrogation
4. Continuity of Interrogation
5. Suspect's Maturity
6. Suspect's  Education
7. Suspect's Physical Condition & Mental Health
8. Whether Suspect Was Advised of Miranda Rights

*Withrow v.  Williams*, 507 U.S. 680, 693-94 (1993); *Abela v. Martin*, 380 F.3d 915, 928 (6th Cir. 2004).  All of the factors involved in the giving of the statement should be closely scrutinized. *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961).  Without coercive police activity, however,

a confession should not be deemed involuntary.  *Connelly,* 479 U.S. at 167 ("coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause").  The burden of proving that a confession was obtained involuntarily rests with the petitioner.  *Boles v. Foltz*, 816 F.2d 1132, 1136 (6th Cir. 1987).  Voluntariness need only be established by a preponderance of the evidence.  *Id.*

In this case, the Michigan Court of Appeals concluded that Petitioner failed to establish that the trial court's decision that his statements were voluntary was clearly erroneous.  The court noted that the decision involved a determination as to the credibility of the police testimony and Petitioner's testimony at the pre-trial evidentiary hearing on this issue.  *See Evans*, 2004 WL 1486058 at *2-3.

Having reviewed the record, this Court is convinced that the state court determination that Petitioner's confession was voluntary is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.  First, Petitioner has failed to establish police coercion.  Although Petitioner testified that he was threatened by the officer who took his statement, beaten by other unidentified officers, and mislead into believing that one officer was his attorney, the police officers denied threatening, abusing, or misleading Petitioner to induce him to make his statement.  Additionally, although Petitioner claimed that he requested counsel and was under the influence of drugs and alcohol when he gave his statement, the police testified that there was no indication that such was the case.  The state court found the police testimony credible as to the circumstances giving rise to Petitioner's statement.  The credibility of witnesses and whether in fact the police engaged in coercive activity fall within the category of issues to which the presumption of correctness is applied.  *See* 28 U.S.C. § 2254(e)(1); *Miller*, 474 U.S. at 112; *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th

Cir. 1997) (deferring to state court's finding that police officer testimony regarding voluntariness of statement was credible); *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996); *see also Marshall v. Lonberger*, 459 U.S. 422, 434 (1983) (federal habeas courts do not redetermine the credibility of witnesses whose demeanor has been evaluated by the state court). Petitioner has not rebutted this presumption with clear and convincing evidence. He has failed to establish that he was subject to police coercion sufficient to overcome his will.

Moreover, the record indicates that Petitioner was 22 years old at the time he made his police statement, could read and write, had a GED, and had significant experience with the police and the criminal justice system. Petitioner was advised of his *Miranda* rights, stated that he understood those rights, and signed a constitutional rights waiver form. There is no evidence that Petitioner's physical or mental condition was impaired when he gave his statement. Petitioner was only in custody for two hours before he signed the waiver form and began the interview which lasted several hours. There is no indication that he was deprived of food, sleep, or other necessities for any significant period of time. Accordingly, having scrutinized the relevant factors, the Court is satisfied that Petitioner's police statement was voluntary and that his constitutional rights were not violated by its admission into evidence at trial. Habeas relief is not warranted on this claim.

   C. Substitute Counsel Claim

Petitioner next asserts that he is entitled to habeas relief because the trial court denied his request for substitute counsel. It is well-established that "[t]he right to counsel of choice, unlike the right to counsel . . . is not absolute. An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate 'good cause' to warrant substitution of counsel." *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990). Good cause

includes "a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with [an] attorney." *Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985).

When reviewing whether a court abused its discretion in denying a defendant's motion to substitute counsel, a court generally considers, "the timeliness of the motion, the adequacy of the court's inquiry into the defendant's complaint, and whether the conflict between the attorney and client was so great that it resulted in a total lack of communication preventing an adequate defense. . . . Further, consideration of such motions requires a balancing of the accused's right to counsel of his choice and the public's interest in the prompt and efficient administration of justice." *Iles*, 906 F.2d at 1131, n.8 (internal quotations omitted).

Applying these standards, the Michigan Court of Appeals concluded that Petitioner had failed to establish that the trial court abused its discretion in denying his request for substitute counsel. *See Evans*, 2004 WL 1486058 at *3-4. Having reviewed the matter, this Court finds that the Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. Petitioner first expressed dissatisfaction with defense counsel on the day of trial. His complaints about counsel's performance and advice were not credited nor viewed as substantial by the trial court and do not establish good cause for substitution. While Petitioner complained that appointed counsel failed to prepare a defense and adequately investigate certain issues, defense counsel stated that he had consulted with Petitioner, that he was ready to defend him, that he did not believe that an investigator was necessary, and that he planned to raise issues at trial in accordance with Petitioner's wishes. Petitioner has not shown that a legitimate breakdown in the attorney-client relationship occurred or that good cause otherwise existed for the substitution of counsel. Habeas relief is not warranted on this claim.

D.   Enumerated Felony Claim

Petitioner next asserts that he is entitled to habeas relief because assault with intent to rob while armed is not an enumerated felony under the felony murder statute such that his felony murder conviction is invalid. Michigan's felony murder statute reads in relevant part:

> (1) A person who commits any of the following is guilty of first degree murder and shall be punished by imprisonment for life:
> ...
> (b) Murder committed in the perpetration of, or attempt to perpetrate, arson, criminal sexual conduct in the first, second, or third degree, child abuse in the first degree, a major controlled substance offense, robbery, carjacking, breaking and entering of a dwelling, home invasion in the first or second degree, larceny of any kind, extortion, kidnapping, or vulnerable adult abuse in the first and second degree under section 145n.

Mich. Comp. L. § 750.316(1)(b). Although the statute does not list assault with intent to rob as a predicate felony for felony murder, the Michigan Court of Appeals has held that assault with intent to rob while armed is a proper underlying felony to support a felony murder conviction. *See People v. Akins*, 259 Mich. App. 545, 552, 675 N.W.2d 863 (2003). The court explained:

> The felony-murder statute [includes] "[m]urder committed in the perpetration of, or attempt to perpetrate ... robbery" ... There is no dispute that armed robbery falls within the meaning of the term 'robbery' in the felony-murder statute. Because an attempt to commit an enumerated offense constitutes a predicate felony under the felony-murder statute, attempted armed robbery also constitutes a predicate felony ... assault with intent to rob while armed is a necessarily lesser included offense of armed robbery ... and attempted armed robbery is a lesser included offense of assault with intent to rob while armed ... Thus, attempted robbery is established every time assault with intent to rob while armed is established.

*Akins*, 259 Mich. App. at 552-53 (internal citations omitted).

Petitioner is essentially challenging the state court's interpretation of the felony murder statute. It is well-settled, however, that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas

11

review." *Bradshaw v. Richey*, _ U.S. _, 126 S. Ct. 602, 604 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). As the Sixth Circuit has explained:

> When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms. These norms are for the state to select. State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.

*Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.3d 99 (7th Cir. 1991)). Another judge in this district has denied habeas relief to a Michigan prisoner on this identical issue. *See Mitchell v. Sherry*, No. 04-73559, 2006 WL 305560 (E.D. Mich. Feb. 9, 2006) (Duggan, J.). This Court agrees with that decision. Habeas relief is therefore not warranted on this claim.

E. <u>Ineffective Assistance of Counsel Claim</u>

Lastly, Petitioner contends that counsel was ineffective for request an investigator, subpoena a witness, and present a defense that the death was accidental. In *Strickland v. Washington,* 466 U.S. 668 (1984), the United States Supreme Court set forth a two-pronged test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. 466 U.S. at 687. Second, the petitioner must establish that the deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

With respect to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance.

*Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. The court must recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311-12 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 686).

Applying the *Strickland* standard, the Michigan Court of Appeals concluded that Petitioner had not shown that counsel's performance was objectively unreasonable or prejudicial as counsel was aware of the facts of the case, vigorously cross-examined the witnesses, and argued Petitioner's theory that the shooting was accidental rather than intentional. *See Evans*, 2004 WL 1486058, *5.

This Court agrees that Petitioner cannot establish that defense counsel was ineffective under the standard set forth in *Strickland*. Defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See, e.g., O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). The record reveals that defense counsel reviewed the potential evidence before trial, understood the nature of the case and possible defenses, and did not believe that an investigator

13

was necessary. During trial, defense counsel cross-examined witnesses and argued a plausible defense theory that the shooting was accidental. This was a reasonable trial strategy given the facts and circumstances of the case. Petitioner has not identified additional evidence or defense theories that would have been discovered had counsel hired an investigator or taken further action before or during trial. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Workman v. Bell*, 160 F.3d 276, 287 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3rd Cir. 1991) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings). The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Habeas relief is not warranted on this claim.

## V.      Conclusion

For the reasons stated, this Court concludes that Petitioner is not entitled to federal habeas relief on the claims presented in his petition. Accordingly;

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.


                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated: January 4, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 4, 2007, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer

14

                    Case Manager